IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| MICHELLE BONDS, | * |
| Plaintiff, | * |
| vs. | *  No. 4:09CV00968 SWW |
| THE BOARD OF EDUCATION OF THE LITTLE ROCK SCHOOL DISTRICT, ET AL., | * |
| Defendants. | * |

**Order**

Before the Court is defendants' motion to dismiss and plaintiff's motion to amend. For the reasons stated below, the motions are granted.

**Background**

Plaintiff filed a class action complaint pursuant to 42 U.S.C. § 1983 against defendants on April 30, 2008, alleging race discrimination in connection with recommendations of the Little Rock School District Reorganization Audit of 2005. *Bonds v. Little Rock School District Board of Education, et al.*, Case No. 4:08cv372. On February 4, 2009, the Court granted plaintiff's motion for voluntary dismissal. On December 31, 2009, plaintiff filed essentially the same putative class action complaint.[1]

Defendants move to dismiss the class action allegations of plaintiff's complaint because plaintiff failed to timely file a motion for class certification in the previously-filed complaint. Defendants argue plaintiff should not be allowed a second chance to proceed as a class. In

---

[1] Plaintiff failed to include in her re-filed complaint a paragraph identifying the style and case number of the earlier complaint in which a voluntary dismissal had been entered. *See* Local Rule 40.1(c).

response, plaintiff explains she delayed filing a motion to proceed as a class action in the earlier case because her attorney was trying to resolve the matter out of court. She asks the Court to allow her leave to file an amended complaint which will not include class action allegations but will instead add nineteen individual plaintiffs. Defendants take issue with plaintiff's attorney's reason for failure to timely file a motion for class certification in the non-suited case,[2] and argue that the claims of the potential plaintiffs are barred by the three-year statute of limitations.

Plaintiffs allege in their proposed amended complaint that they were employed by the Little Rock School District until June 30, 2005 "or thereafter at which time each plaintiff suffered an adverse employment action by the district." Docket entry 15-1, ¶2. Defendants argue that the claims of the additional plaintiffs do not relate back to Bonds' original complaint that was filed in April 2008 because an amendment relates back only to the original pleading filed in the current matter and does not relate back to an earlier separate action.[3]

The Court finds the motion to dismiss plaintiff's class action allegations should be and is hereby granted. Plaintiff failed to timely file a motion for class certification in the earlier case.

The Court further finds that plaintiff's motion to amend should be granted. The claims of additional plaintiffs named in the proposed amended complaint do not relate back to plaintiff's original complaint. However, it is not clear from the proposed amended complaint

---

[2] Defendants dispute plaintiff's attorney's assertion that separate defendant Watson asked him to give her a chance to resolve the matter.

[3] Rule 15(c) of the Federal Rules of Civil Procedure provides:
An amendment to a pleading relates back to the date of the original pleading when:
(A) the law that provides the applicable statute of limitations allows relation back:
(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out - or attempted to be set out - in the original pleading; or
(C) the amendment changes the party or the naming of the party against whom a claim is asserted . . .

when each plaintiff suffered an adverse employment action and it is possible that some of the added plaintiffs have timely claims.  If they do not, defendants may move for dismissal.

IT IS THEREFORE ORDERED that defendant's motion to dismiss class allegations [docket entry 7] is granted.  It is further ordered that plaintiff's motion to amend [docket entry 15] is granted.

DATED this 12th day of August, 2010.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE