IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| MICHELLE BONDS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 4:09CV00968 SWW |
| | * | |
| THE BOARD OF EDUCATION OF THE | * | |
| LITTLE ROCK SCHOOL DISTRICT, | * | |
| ET AL., | * | |
| | * | |
| Defendants. | * | |

**Order**

Before the Court is defendants' motion to strike plaintiffs' amended complaint or, in the alternative, motion for more definite statement. Plaintiffs responded in opposition to the motion.

The Court granted plaintiffs' motion for leave to file an amended complaint on August 12, 2010, and plaintiffs filed their amended complaint on August 23, 2010. Defendants move to strike the complaint on the basis that it was filed untimely. Plaintiffs admit Local Rule 5.5(e) directs that an original of the amended complaint shall be filed within seven days of the entry of the order granting leave to amend and they should have filed their amended complaint on August 19, 2010. The Court finds defendants show no prejudice in the fact that plaintiffs filed their amended complaint four days late and therefore denies the motion to strike.[1]

Defendants move in the alternative for more definite statement under Fed.R.Civ.P. 12(e), asking specifically that plaintiffs include allegation which will enable them to understand the basis

---

[1] According to Fed.R.Civ.P. 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike under Rule 12(f) "are viewed with disfavor and are infrequently granted." *Lunsford v. United States,* 570 F.2d 221, 229 (8th Cir. 1977). *See also* 5C Wright & Miller, Federal Practice and Procedure: Civil § 1380 at 394 (striking a portion of a pleading is a drastic remedy and is often sought by the movant simply as a dilatory or harrassing tactic).

of each plaintiff's claim and the time frame in which each plaintiff suffered the damages alleged. Defendants state the lack of specific allegations puts them in the untenable position of not being able to argue statute of limitations issues which are particular to each of the new plaintiffs. In response, plaintiffs argue they have given the fair notice required of them by Fed.R.Civ.P. 8(a), and defendants fail to carry their burden of showing that the complaint is "so vague or ambiguous that they cannot respond, even with a simple denial, in good faith or without prejudice to them." *Parsons v. Burns*, 846 F.Supp. 1372, 1382 (W.D. Ark. 1993).

The Court finds plaintiffs have set forth their causes of action in a manner to give defendants sufficient notice of their allegations that adverse employment actions were taken against them while working for defendants and those actions were discriminatory. The details requested by defendants are not necessary to enable them to frame a responsive pleading and, as plaintiffs point out, plaintiffs' personnel files are available to defendants. *See Hardy v. Bartmess,* 696 F.Supp.2d 1008, 1016 (E.D.Ark. 2010)("A motion under Rule 12(e) is designed as a means to remedy unintelligible pleadings [and] should not be granted where the information sought is not necessary to form a responsive pleading and can be gained, as in this case, by other means"). Therefore, the motion for more definite statement is denied.

IT IS THEREFORE ORDERED that defendants' motion to strike or in the alternative for more definite statement [docket entry 23] is denied. Counsel are directed to file their Rule 26(f) report forthwith.

DATED this 13TH day of October, 2010.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE